UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JOHN ROBERT HAGAN**                                                                         **PLAINTIFF**

v.                                                          Civil Action No. 3:24-cv-113-BJB

**DENISE BARNETT et al.**                                                            **DEFENDANTS**

## Memorandum Opinion

Plaintiff, John Robert Hagan, unrepresented by counsel, filed a lawsuit invoking this Court's diversity jurisdiction. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the Complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).

Upon review, this Court must dismiss a case if it determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Hagan has pled sufficient facts to allow his case to go forward. Hagan—a resident of California—has sued Denise Barnett, Tim and Marie Bartley, and Imogene Robinson—all residents of Kentucky, for $150,000 in compensatory damages and $500,000 in punitive and exemplary damages. DN 1, Page ID #: 1–7. According to the Complaint, Hagan is the only heir of his father, who suffers from dementia and Parkinson's. *Id.* at Page ID #: 9. Whether his father died with or without a will is unclear from the pleadings. But Hagan asserts that Barnett

breached her fiduciary duty when, acting as his father's power of attorney, she sold the father's real property located in New Haven, Kentucky, for inadequate consideration. *Id.* According to the Complaint, Barnett sold a seven-acre parcel of land with a market value of $42,000 to Tim and Marie Bartley for only $4,100 and sold his father's home to Imogene Robinson for $1 and a "healthcare agreement." *Id.* These transactions, he asserts, are "fraudulent conveyance[s] of real property," that demonstrate Barnett's "undue influence" over his father. *Id.* at PageID #:10. And they show that Barnett has "breached her fiduciary duty" by "improperly divert[ing] [his] father's assets rather than protect[ing] his interests." *Id.*

Hagan claims these actions amounted to a breach of fiduciary duties, fraudulent conveyance of real property, and "undue influence." *Id.* He contends that the "deeds should be invalidated . . . to protect [his] inheritance rights from [Barnett's] breach of fiduciary duty and malfeasance." *Id.*

Whether Hagan could ultimately recover depends on a number of things, including whether Kentucky or California law applies to his claims. His allegations sound a lot like tortious interference with his expected inheritance, a tort that California but not Kentucky courts have recognized. *See, e.g.*, *Whitis v. Meece*, No. 2019-CA-0695-MR, 2021 WL 223148, at *2 (Ky. Ct. App. Jan. 22, 2021) (citing Restatement (Second) of Torts § 774B (1979)); *Beckwith v. Dahl*, 141 Cal. Rptr. 3d 142, 156 (2012) (recognizing this tort under California law.). Federal courts in diversity cases (like this one) apply the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). And Kentucky choice-of-law rules almost always point to Kentucky law as controlling. *See Osborn v. Griffin*, 865 F.3d 417, 443 (6th Cir. 2017) (collecting cases).

But a Court's initial review of a pro se plaintiff's pleadings doesn't require a choice-of-law determination before a complaint is even served. "Federal pleading rules … do not countenance dismissal of a complaint for [an] imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby,* 574 U.S. 10, 11 (2014) (*Twombly* and *Iqbal* "are not in point, for they concern the *factual* allegations a complaint must contain to survive a motion to dismiss.") (emphasis in original). That is particularly true for pro se plaintiffs, whose complaints are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A plaintiff need only allege "simply, concisely, and directly the events that" allegedly "entitl[e] [him] to damages." *Johnson*, 574 U.S. at 12.

Hagan's complaint does that. True, whether the Kentucky Supreme Court would recognize a claim for tortious interference with an expected inheritance is hardly clear. But it's not crystal clear at this early stage whether Kentucky law would apply or, if so, whether another of the torts Hagan pled (or some other theory) might allow him to prevail. For now, he has "informed the [defendants] of the factual basis for [his] complaint," and is "required to do no more to stave off threshold dismissal for want of an adequate statement of [his] claim." *Id*.

On preliminary review, the Court **orders** that Plaintiff's suit will proceed:

(1) The Clerk of Court shall terminate "Does 1–10" as parties to this lawsuit. DN 1, PageID #: 1. They are listed in the caption of the Complaint, but Hagan offers no description of or claim against them.

(2) The Clerk **shall issue the summons and effect service of process** on Defendants by way of the U.S. Marshals Service in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(3).

3

(3)  The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service, if required.  See Fed. R. Civ. P. 5.

(4)  Plaintiff must provide written notice of any change of address to the Clerk of Court and to Defendants or their counsel.  See Local Rule 5.3(e).

(5)  Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court may result in a dismissal of this case.

(6)  The Court **refers** this matter to Magistrate Judge Colin H. Lindsay pursuant to 28 U.S.C. § 636(b)(1)(A) for resolution of all litigation-planning issues, entry of scheduling orders, consideration of any scheduling amendments, and resolution of all nondispositive matters, including discovery issues.  The Court further authorizes Judge Lindsay to conduct one or more settlement conferences in this matter.

(7)  The Court **directs** the Clerk to send to Plaintiff a copy of the *Pro Se* Handbook.

Date:   July 1, 2024

Benjamin Beaton, District Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants Denise Barnett, Tim and Marie Bartley, and Marie Robinson
        Magistrate Judge Lindsay
B213.009

4